**E. S. McKENDRY and Pancho Barnes,**
**Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**
**Appeal 3.**
**No. 14380.**

United States Court of Appeals,
Ninth Circuit.

Jan. 31, 1955.

Pancho Barnes, E. S. McKendry, Muroc, Cal., in pro. per., for appellants.

Perry W. Morton, Asst. Atty. Gen., John F. Cotter, John C. Harrington, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., A. Weymann, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

In the condemnation case in which we this day have dismissed other appeals, 9 Cir., 219 F.2d 357, the declaration of taking procedure was followed and the court entered judgment declaring the title to be vested in the United States. The government, however, did not enforce its right to possession of the lands, but permitted the former owners to occupy the parcel involved.

On August 29, 1953, the United States filed a motion for an order of immediate possession. Appellants filed a motion to dismiss the action and a motion praying for a setting aside of the declaration of taking and the judgment vesting title. During the pendency thereof, they began to construct buildings on the parcel to which the court had adjudged title to be in the United States pursuant to the declaration and deposit of estimated just compensation.

On February 2, 1954, there was filed a motion for a temporary restraining

order to prevent the continuance of such construction on behalf of the government. The motion was granted, and appellants were ordered to show cause why a temporary injunction should not issue. An order granting a temporary injunction entered February 15, 1954.

This appeal was taken from that order on March 17, 1954.

On August 7, 1954, it is shown to this Court, appellants surrendered possession of the premises.

The order of temporary injunction based upon the continuing possession and use of the parcel by appellants became functus officio upon surrender. Appeals from the final judgment will lie to review any error relative to the transfer of title of which the landowners may legally complain.

The appeal here is dismissed because this particular controversy is moot.